**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**NORMA ROUSE**                                                                                            **PLAINTIFF**

**V.**                                       **3:15CV00186 JM**

**AUTO ZONE INC.**                                                                                        **DEFENDANT**

**ORDER**

Pending is the Defendant's Motion to Dismiss. Plaintiff has failed to respond to the motion even after the Court issued a Show Cause Order to the Plaintiff. Therefore, the Court will consider the Motion to Dismiss without any response from the Plaintiff.

This slip and fall case was removed from the Circuit Court of Craighead County, Arkansas based on diversity jurisdiction. Plaintiff is a resident citizen of Arkansas and the Defendant AutoZone, Inc. is a Nevada corporation with its principal place of business in Tennessee. AutoZone, Inc. contends that is improperly named as a defendant because it does not own or manage the store at issue. Instead, the proper party is AutoZone Stores, LLC. AutoZone Stores, LLC is a Nevada limited liability company with its principal place of business in Tennessee. Further, Plaintiff seeks one million dollars in damages. The Court has jurisdiction over the case. *See* 28 U.S.C. § 1332.

In her Complaint, Plaintiff states that at the time she was visiting the AutoZone Inc. store in Jonesboro, Arkansas, the floor was left in a dangerous condition due to an object left on the floor. Plaintiff claims the Defendant created and/or knew of the object for a period of time and failed to warn her or correct the dangerous condition. Plaintiff claims that as a result of the negligence of AutoZone Inc. she fell and injured herself. Plaintiff claims she suffered serious, painful and permanent injuries, including but not limited to a concussion, a right hip fracture,

and mental anguish.[1] No other facts were plead in the Complaint. Defendant contends that Plaintiff has failed to include facts which would show a factual basis for a claim and should be dismissed pursuant to Rule 12(b)(6).

"Since Rule 12(b)(6) tests the sufficiency of the pleadings, it is necessary to read it in conjunction with Rule 8, which deals with the contents of the pleading. Rule 8 provides: A pleading which sets forth a claim for relief, whether a complaint, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief, . . . ." Harvey v. Eastman Kodak Co., 271 Ark. 783, 786, 610 S.W.2d 582, 584 (1981) (applying Arkansas fact pleading standard in diversity case). After review of the Complaint and the law, the Court finds that the allegations made by Plaintiff in her complaint are merely conclusions on a point of law; they do not state facts upon which relief can be granted. Even under the less stringent standard of the federal courts, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Therefore, under Arkansas Rule of Civil Procedure 12(b)(6) and Rule 8(a) and Federal Rule of Civil Procedure 12(b)(6) and Rule 8(a)(2), Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

For this reason, the Motion to Dismiss (ECF No. 4) is GRANTED without prejudice. The Clerk is directed to close the case.

---

[1] Plaintiff then refers to the Defendant as Bahama Breeze in her Complaint. The Court assumes this is a typographical error.

IT IS SO ORDERED this 6th day of August, 2015.

_____
James M. Moody Jr.
United States District Judge